BOARD OF COM'RS OF MEADE COUNTY, KAN., v. ÆTNA LIFE INS. CO.

(Circuit Court of Appeals, Eighth Circuit. October 24, 1898.)

No. 1,056.

MUNICIPAL BONDS—ESTOPPEL BY RECITALS—REFUNDING BONDS.

A county which issued bonds containing a recital that they were issued in accordance with the provisions of a statute authorizing counties to refund their indebtedness cannot defeat recovery thereon, by a purchaser in open market in reliance on such recitals, by proof that there was included therein a sum in excess of the actual prior indebtedness of the county, which was prohibited by the statute.

In Error to the Circuit Court of the United States for the District of Kansas.

S. S. Ashbaugh (F. M. Davis, on the brief), for plaintiff in error.
O. H. Bentley and Rudolph Hatfield, for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and SHIRAS, District Judge.

SANBORN, Circuit Judge. This is an action upon coupons cut from refunding bonds of Meade county, in the state of Kansas, which were issued under chapter 50 of the Laws of that state of 1879 (Gen.

St. Kan. 1889, par. 464). The court below rendered a judgment against the county upon a demurrer to its answer. This answer pleads the same defenses that were made to the bonds issued under the act of 1879 in the case of Board County Com'rs of Seward Co. v. Ætna Life Ins. Co., 90 Fed. 222. The only unique feature in this case is that the plaintiff in error avers in its answer that refunding bonds to the amount of $23,000 were issued in exchange for void and illegal county warrants, which amount, with interest, to $22,200, and in payment of $800 for the services of the holder of the warrants in refunding them, and it claims that all these bonds are void because they were issued in violation of section 1 of chapter 50, that the refunding bonds "shall not exceed in amount the actual amount of outstanding indebtedness." This defense, however, is not available to the county, because the bonds contain a certificate that they were issued in accordance with the provisions of the act of 1879, and they have been purchased by the defendant in error in open market in reliance upon this certificate. It is too late for the county to defeat their collection by proof that its certificate is false, and that the bonds were issued in violation of, instead of in accordance with, this statute. The judgment below is affirmed upon the authority of the opinion in Board County Com'rs of Seward Co. v. Ætna Life Ins. Co., supra, and the cases there cited.